I believe in the guilt of this woman as much as my associates, and I am very glad that they have been able to see their way not to let her escape the lash of justice at this time.

I only make this statement because I believe as a lawyer this is the way the case stands. I would not have taken your time in this explanation except for the purpose of showing the reasons I dissent.

---

## ASSUMPTION OF RISK—MASTER AND SERVANT.

[Hamilton (1st) Circuit Court, December 19, 1906.]

Jelke, Swing and Giffen, JJ.

### JAMES W. CROCKETT v. JOHN H. MICHAEL.

ASSUMPTION OF RISK BY EMPLOYE.

Where a servant is injured while endeavoring to execute an order involving obvious danger to himself, the question whether or not he was justified in obeying the instructions given him by the master is one which should be left to the jury.

[For other cases in point, see 6 Cyc. Dig., "Master and Servant," §§ 436-450, 747-753, 798; 6 Cyc. Dig., "Negligence," §§ 713-720.—Ed.]

[Syllabus approved by the court.]

ERROR to Hamilton common pleas court.

The plaintiff while employed in the wagon factory of the defendant was directed by the defendant, in person, to assist in taking the "taps" or burrs from the axles of a wagon and raise it to the second floor on the elevator. The taps were removed, and the wagon was then run onto the elevator which was raised by a rope running over pulleys. When five or six feet high one of the wheels, having no tap or burr to hold it on, came off and fell to the floor. Plaintiff was struck by it and his leg was broken. His suit was for damages, based on the alleged negligence of the master. The trial judge granted a motion to take the case from the jury.

**David Davis,** for the plaintiff in error.

**Robertson & Buchwalter,** for defendant in error.

## SWING, J.

This case should be reversed on the authority of *Van Duzen Gas & Gasoline Engine Co. v. Schelies,* 61 Ohio St. 298 [55 N. E. Rep. 998]. At page 309, the court says:

"The clear result of the best considered cases is, that when an order is given a servant by his superior to do something within his employ-

ment, apparently dangerous, and, in obeying, is injured from the culpable fault of the master, he may recover, unless obedience to the order involved such obvious danger that no man of ordinary prudence would have obeyed it; and this is a question of fact for the jury to determine under proper instructions, and not of law for the court.''

It was certainly negligence of the master to order the taps taken off the axles before elevating the wagon as shown by the evidence. Whether the plaintiff was justified in executing the order of Michael, the master, with a knowledge of the obvious danger, was a fact which the court should have left to the jury.

Jelke and Giffen, JJ., concur: